IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                        )<br>              Plaintiff/Respondent,   )<br>                                                        )<br>v.                                                     )<br>                                                        )<br>JOSE GRANADOS-CARDONA,    )<br>                                                        )<br>              Defendant/Petitioner.   )<br>_____)  | Crim. Action No. 03-10182-01-WEB<br>Civ. No.             05-3251-WEB |

**Memorandum and Order**

This matter is before the court on the defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The United States has responded to the motion and the defendant has filed a reply. Because the files and records of the case conclusively show the defendant is not entitled to relief on his claim, the motion will be denied.

I. *Background*.

Defendant Jose Granados-Cardona was charged in a one-count indictment with being an alien found unlawfully in the United States after having been deported subsequent to conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b)(2). Doc. 1. An assistant federal public defender was appointed to represent him. On February 20, 2004, pursuant to a plea agreement and following a hearing conducted pursuant to Fed.R.Crim.P. 11, the defendant entered a plea of guilty to the charge in the indictment. Docs. 28 & 29. Included in the plea agreement were provisions stating that the defendant understood and was admitting that he was guilty of the offense charged and that he understood the

maximum possible sentence for his offense was 20 years in prison. Doc. 28, ¶1. There was also a provision stating: that the defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. * * * By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to modify, change or challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] ...." *Id.*, ¶ 7. The court reviewed these provisions with the defendant as part of the Rule 11 hearing. Also, as part of the plea agreement, the United States agreed to recommend a sentence at the low end of the applicable guideline range.

A Presentence Report prepared by the Probation Office determined that the defendant's total adjusted offense level under the federal sentencing guidelines was 21, that his Criminal History Category was VI, and that his resulting guideline range was 77-96 months. The defendant filed no objections to the Presentence Report. At the sentencing hearing of May 10, 2004, the court adopted the Presentence Report and imposed a term of imprisonment of 84 months. The defendant subsequently filed a direct appeal with the Tenth Circuit Court of Appeals, but the appeal was dismissed because of the defendant's waiver of the right to appeal in the plea agreement. Doc. 49.

II. *§ 2255 Motion*.

In his motion pursuant to § 2255, defendant argues that his counsel was ineffective by failing to challenge "illegal enhancements" to his sentence. Doc. 51 at 1. In support of this argument, defendant alleges that the indictment only charged him under 8 U.S.C. § 1326(a) -- which carries a maximum penalty

of 2 years in prison -- and that it did not allege a prior aggravated felony conviction as is required for an offense and a potential 20-year sentence under § 1326(b)(2). In his reply brief, defendant raises several other arguments. He contends the United States breached the plea agreement by failing to recommend a sentence at the low end of the guideline range and that, as a result, the waiver in the plea agreement of the right to collaterally challenge the sentence is invalid. Doc. 54 at 2. Additionally, he points out that the waiver contained an exception for an upward departure, and he argues the sentence imposed constituted an upward departure because it included a 16-level enhancement based on the nature of his previous aggravated felony conviction. *See* USSG § 2L1.2(b)(1)(A). Lastly, defendant argues that the aforementioned enhancement violated his right to trial by jury as explained in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005).

III. *Discussion*.

An examination of the record shows the defendant's arguments are without merit. Defendant's contention that the indictment failed to charge him under § 1326(b)(2) is simply incorrect. It must first be noted that in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) the Supreme Court held that a prior aggravated felony was a sentencing factor under § 1326 which did not have to be alleged in the indictment. Even assuming for the sake of argument that the Court might reconsider this ruling in light of its *Blakely* and *Booker* decisions, the indictment in this case specifically charged that the defendant "previously had been deported subsequent to a conviction for commission of an aggravated felony as defined by the Immigration and Nationality Act," and it cited § 1326(b)(2). Doc. 1 at 1. The defendant admitted this element and the factual basis underlying it in the course of the Rule 11 hearing. This allegation, which tracked the statutory language, was clearly sufficient to put defendant on notice of the charge and

3

it eliminates his claim that he was not subject to the penalty provision in § 1326(b)(2). *Cf. Hamling v. United States*, 418 U.S. 87, 117 (1974) (indictment tracking statutory language is generally sufficient). Consequently, the fact that his attorney failed to argue that the sentence was limited to 2 years under § 1326(a) did not constitute ineffective assistance of counsel.

Defendant's second argument -- that the United States breached the plea agreement by failing to recommend the low end of the guidelines -- is equally unavailing. The court specifically reduced the sentence from the top end of the guideline range in this case because of the Government's recommendation for the low end. Doc. 44 at 8. There was no breach of the plea agreement. Nor was there an upward departure as the defendant claims. The sentence imposed by the court was within the applicable guideline range. Thus, defendant's argument that these circumstances render his waiver of collateral attack invalid cannot stand. The court finds that the waiver is valid and that it precludes relief on the defendant's motion. The defendant's claim falls squarely within the scope of the waiver, the petition and the record of the Rule 11 proceeding show that he knowingly and voluntarily entered into the waiver, and enforcement of the waiver will not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (discussing factors relevant to validity of waiver). There is no basis for defendant's claim that he was provided ineffective assistance of counsel in connection with his plea or the plea agreement, and he has cited no other grounds upon which the validity of the waiver could be questioned.

Lastly, the court notes the defendant's argument that the sentence violated his constitutional rights as explained in *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 125 S.Ct. 738 (2005). In addition to the fact that this claim is precluded by the waiver of the right to pursue a § 2255 challenge, the Tenth Circuit has held that the *Blakely* and *Booker* decisions are not retroactively applicable

to cases on collateral review. *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).  Thus, the decisions provide defendant no grounds for relief.

  IV. *Conclusion*.

Defendant's Motion under § 2255 to Vacate Sentence (Doc. 50) is hereby DENIED.

Moreover, because defendant has failed to make a substantial showing of the denial of a constitutional right, it is further ordered that a Certificate of Appealability under the provisions of 28 U.S.C. § 2253 be DENIED.

IT IS SO ORDERED this  2nd  Day of August, 2005, at Wichita, Ks.

  s/ Wesley E. Brown
  Wesley E. Brown
  U.S. Senior District Judge